**In the Matter of Arthur BRAHM and Dorothy Brahm, Debtors.**

**Bankruptcy No. 84–1959.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 12, 1985.

---

Ronald R. Swartz, Fort Myers, Fla., for debtors.

Chris C. Larimore, Bradenton, Fla., Trustee.

William Dowdy, Atty., Tax Div., Dept. of Justice, Washington, D.C., Lynne L. England, Asst. U.S. Atty., U.S. Attorney's Office, Tampa, Fla., for I.R.S.

## ORDER SUSTAINING DEBTORS OBJECTIONS TO CLAIMS OF INTERNAL REVENUE SERVICE

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came before the Court upon the Debtors Objection to the claim of the Internal Revenue Service for payroll taxes of Palm Beach Sleep Shops, Inc., claiming a 100% assessment penalty against Debtor, Dorothy Brahm. Although the Proof of Claim filed by the Internal Revenue Service reflects that it is based upon 26 U.S.C., Sections 6321 and 6323 for payroll taxes for the quarter ending September 30, 1983, both parties have agreed to try this case on the basis of 26 U.S.C., Sections 6671 and 6672 for any payroll taxes which were due and owing by Palm Beach Sleep Shops, Inc.

It is the contention of the Government that Dorothy Brahm willfully failed to collect, truthfully account for, and pay payroll taxes for Palm Beach Sleep Shops, Inc.; that she should be assessed 100% for the outstanding taxes and that their claim for the assessment should be approved.

The Debtors' contention that Dorothy Brahm was not the corporate officer responsible for the collection and rendering of taxes and, further, that her failure to collect and pay over the taxes for the corporation was not a willful failure and that as a consequence the claim of the Internal Revenue Service should be disallowed.

The facts germane to the resolution of this matter are as follows:

Palm Beach Sleep Shops, Inc. was a Florida corporation formed in 1978 and operated a retail furniture store and warehouse in West Palm Beach, Florida until May 8, 1983, at which time it closed and ceased operations. Dorothy Brahm, an elderly retiree, was the president of the corporation and fifty percent (50%) stockholder. Initially, Dorothy Brahm invested approximately twenty thousand dollars ($20,000) in the corporation, although it is unclear whether this was paid-in capital or a loan. Dorothy Brahm worked part-time for the corporation and only participated in retail sales. Dorothy Brahm was authorized to sign checks on behalf of the corporation and during calendar year 1982, of their 1,632 checks written, she signed 219. The record is clear that Dorothy Brahm never prepared the body of any checks. Dorothy Brahm never made any decisions concerning payment of bills, hiring or firing of employees, advertising, ordering or purchasing inventory, warehousing, promotion of personnel, payment of bonuses, insurance coverage, landlord problems, or purchase of office equipment. Furthermore, she never opened the business mail or read the mail.

Barry Brahm, the Debtors' son was the vice-president and in charge of the operation of the business. In addition, Jacqueline Brahm, the wife of Barry Brahm, was secretary/treasurer of the corporation and bookkeeper. Barry and Jacqueline Brahm made all of the major decisions with respect to the business concerning payment of bills, hiring and firing of employees, advertising, purchasing inventory, warehousing, promotions, bonuses, insurance coverage, landlord problems, as well as any other decision concerning the corporation. Barry and Jacqueline Brahm admit being responsible for the payment of the payroll taxes. Barry Brahm was authorized signator on the checking account and signed the majority of the checks. Barry Brahm spent the bulk of his time at the warehouse and when he was not available to sign checks the Debtor would sign.

Dorothy Brahm, did not become aware of the tax obligation or the delinquent taxes of the corporation until well after May 8, 1983 when the business ceased operation. In fact, according to the Internal Revenue Service's own documents, the Debtor was not notified of the tax delinquency until October 1983, approximately five months after the business ceased operations. Dorothy Brahm had no knowledge during the operation of the business that taxes were past due. Furthermore, Dorothy Brahm never signed, prepared, or even saw 941 tax returns for the corporation. The uncontroverted testimony was that Barry Brahm and Jacqueline Brahm never discussed the tax problem with the Debtor until well after the business ceased operations.

The Internal Revenue Service concedes, as it must, that Dorothy Brahm never exercised any authority with regard to the collection or payment of payroll taxes. The Government contended, however, that as president she had the inherent authority. The Government failed to introduce any Articles of Incorporation or By-laws of the corporation to substantiate that position. Dorothy Brahm may have had the ability as president of the corporation to exert certain powers and she could have exercised those should she have chosen, but, in fact, she never exerted or attempted to exert any power and, more importantly, was not charged with that responsibility.

Employers are required to withhold FICA taxes and federal income taxes from their employees' wages and these amounts are held in trust for the benefit of the United States. If an employer fails to collect, account for and pay over such trust funds to the United States, 26 U.S.C., Section 6672 allows the Internal Revenue Service to assess a 100% penalty against those responsible for such failure. The purpose of the 100% tax penalty provision is to permit the Internal Revenue Service to reach those persons responsible for the corporation's failure to pay taxes.

26 U.S.C., Section 6672 states as follows:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title, who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under Section 6653 for any offense to which this Section is applicable.

26 U.S.C., Section 6671 states as follows: The term "person", as used in this subchapter, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs.

The Internal Revenue Service must prove two essential elements to apply 26 U.S.C., Section 6672. They must prove that the responsible person against whom the tax assessed must have had the authority to direct or control the payment of the corporate funds and, secondly, that the responsible person must have willfully failed to collect and pay over the taxes. Responsibility without willfulness is not enough. *McCarty v. United States*, 437 F.2d 961, 194 Ct.Cl. 42 (1971). The question of willfulness and responsibility for application of the responsible person provision of the Internal Revenue Code is a factual question. *Teel v. United States*, 529 F.2d 903 (9th Circuit 1976); *In re Bradford*, 35 B.R. 166 (Bkrtcy. Western District Virginia 1983).

The responsible person or parties subject to the penalty for failure to pay taxes is the individual having control of the funds of the corporation and failing to pay the taxes. A responsible person is most frequently defined as a person who has the final word as to that bills or creditors should or should not be paid and when. *McCarty v. United States, supra; Maggy v. United States*, 560 F.2d 1372 (9th Circuit 1977). Final word means significant rather

than exclusive control over disbursement of funds. *In re Bradford, supra.* The mechanical duties of signing checks and preparing tax returns are not determinative of liability for imposing a 100% penalty. The parties subject to 100% assessment penalty are not always necessarily officials of the corporation. The Government did not meet its burden of establishing Dorothy Brahm as a responsible person for purposes of imposing the assessment. It is clear that the son, Barry Brahm, and his wife, Jacqueline Brahm, made all the decisions concerning the corporation, notwithstanding the fact that the mother was president.

The second element of the statute requires willfulness. Willfulness has been defined as "a voluntary, conscious or intentional as opposed to accidental decision not to remit funds properly withheld to the government". *Monday v. United States,* 421 F.2d 1210 (7th Cir.1970). The willfulness requirement is met when a responsible officer voluntarily, consciously, and intentionally causes his corporation to pay creditors out of withheld funds while he is aware that such funds are owed to the United States. *Bloom v. United States,* 272 F.2d 215 (9th Circuit 1959), *cert. den.,* 363 U.S. 803, 80 S.Ct. 1236, 4 L.Ed.2d 1146 (1960). In addition, willfulness can be proven by the preference of other creditors over the United States either before or after the actual due date for remittance of the taxes.

Assuming, arguendo, that Dorothy Brahm was the responsible person under 26 U.S.C., Section 6672, the record is clear that she did not willfully fail to collect and pay over the taxes. In order for a violation to be willful, one must have knowledge. The uncontroverted testimony is that Dorothy Brahm did not become aware that taxes were in arrears until well after the business had ceased operations. In fact, according to the Internal Revenue Service's own documents, she was not personally notified of the tax arrearages until October 1983, approximately five months after the business ceased operations. The responsible person, without willfulness, is not suf-

ficient to apply the 100% penalty. It is therefore,

ORDERED, ADJUDGED AND DECREED that the Debtors' Objections to Proof of Claim No. 2, dated November 19, 1984, and Proof of Claim No. 2, dated November 19, 1984, filed by the Internal Revenue Service, be, and is hereby, sustained. It is further

ORDERED, ADJUDGED AND DECREED that Dorothy Brahm is not responsible for the payroll taxes, pursuant to 26 U.S.C., Sections 6671 and 6672, or for any payroll taxes which were due and owing by Palm Beach Sleep Shops, Inc.