**In re Bridget Nichelle SIMS, Debtor.**

**Bankruptcy No. 90–4183–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 9, 1991.

Malka Isaak, Tampa, Fla., for debtor.

David N. Geier, U.S. Dept. of Justice, Washington, D.C., for United States.

## ORDER ON DEBTOR'S OBJECTION TO CLAIM OF IRS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a yet-to-be confirmed Chapter 11 case involving Bridget Nichelle Sims (Debtor). The matter under consideration is an Objection filed by the Debtor to the claim of the United States of America filed on behalf of the Internal Revenue Service (Government) in the amount of $168,327.35. The claim of the Government is based on 26 U.S.C. Section 6672 which authorizes the imposition of a 100% penalty on the "responsible person" who fails to deduct and pay over the trust fund portion of the payroll taxes incurred by the prime obligor, the employer. The penalty imposed involves the third quarter of 1988 and the first and third quarters of 1989. At the final evidentiary hearing the facts which are relevant were established to be as follows:

Perry, Inc., is a Florida corporation and was incorporated in December 1983 by Leroy Sims, the father of the Debtor. The corporation was engaged as a subcontractor forming and installing concrete curbings on construction projects. The Debtor, who is 25 years old at this time, started to work for the corporation first as a laborer and later was promoted by her father to be corporate secretary and vice-president. She also functioned as office manager. Although she is a high school graduate and had some limited additional formal education in a junior college, she did not graduate and has no formal training in accounting or in bookkeeping. She had no authority to fire or hire employees or fix salaries of employees.

The accounting and bookkeeping system of Perry, Inc., is maintained by computer which also stores the payroll records and all records pertaining to the outstanding accounts payable. She had checkwriting authority, not only from the general corporate operating account, but also the payroll account maintained by the corporation. In fact, over 80% of the payroll checks were signed by the Debtor and 25–50% of all checks drawn on the operating accounts

were also signed by the Debtor. It was the Debtor's responsibility, among other things, to inform the president of the corporation, her father, how much money was needed to meet the payroll and how much money should be transferred from the general operating account to meet the payroll expense, including funds necessary to pay payroll taxes. It is without question that the Debtor was fully aware that she did not transfer sufficient monies from the general corporate account to the payroll account to meet the withholding tax obligations imposed on the corporation by Statute. In addition, the Debtor prepared and signed Form 941 tax returns, with one exception—the fourth quarter of 1988, for the periods under consideration. It was her obligation and responsibility to balance the bank statements of the corporation and she was responsible for maintaining books and records of the corporation although, concededly, these records were all maintained by a computer. Nevertheless, it is clear she had the benefit of computer printouts which clearly indicated and left no doubt that the trust fund portion of the payroll taxes were not turned over to the Government. It is equally clear that she was fully aware of that fact, and notwithstanding, she paid other corporate bills, wages to the employees, including to herself, at the same time when the corporation failed to remit to the Government the trust funds required to be withheld, including the employees' share of FICA taxes.

It is now conceded that Leroy Sims, the Debtor's father, is, in fact, the "responsible person" and, therefore, the 100% penalty assessed against him is appropriate although the amount assessed is not conceded. Leroy Sims has his own Chapter 11 pending at this time as does Perry, Inc.

This leaves for consideration whether or not under applicable law, the Debtor is also a "responsible person", thus liable for the unpaid employee withholding taxes. 26 U.S.C. § 6672 provides as follows:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of such tax evaded, or not collected, or not accounted for and paid over.

Sections 3102(a) and 3402(a) of the Internal Revenue Code require an employer to withhold federal income taxes and the employee's share of FICA taxes from the wages paid to its employees. The Statute also provides that the taxes withheld from each employee's wages constitute a special fund held in trust under Section 7501 of the Code for the exclusive use of the United States, and these trust funds shall not be used to pay the employer's expenses, including salaries, or for any other purpose. *Newsome v. United States,* 431 F.2d 742 (5th Cir.1970); *United States v. Hill,* 368 F.2d 617 (5th Cir.1966).

Whether or not the person against whom the Government seeks to assess the 100% penalty under the Statute is, in fact, the "responsible person", always depends on the particular fact situation involved. The term "responsible" is not interpreted in a rigid, formalistic manner. The Court always recognizes the practical experience and the economic realities of the particular business involved. Generally speaking, the Court will consider the status of the person charged in a corporate structure, that is, whether the person charged was an officer and had the authority to sign corporate checks or corporate tax returns; whether or not the person had an ownership or an equity interest in the enterprise; and whether or not the person was aware that the trust fund portions of the taxes were remitted to the Government.

It is well established that exclusive control over the affairs of the employer is not necessary. Thus, more than one person may be held to be the "responsible person" under 26 U.S.C. § 6672. *Roth v. United States,* 779 F.2d 1567, 1571 (11th Cir.1986). On the other hand, the person who is held to be responsible must have had "effective power and the correspond-

ing duty to insure that the trust funds are remitted to the United States." *Brown v. United States*, 464 F.2d 590, 591 (5th Cir. 1972); *First National Bank in Palm Beach v. United States*, 591 F.2d 1143, 1149 (5th Cir.1979). Based on the foregoing, it is clear that the resolution of the issue must be resolved by considering two distinct facts. First, was the Debtor the "responsible person" within the contemplation of 26 U.S.C. § 6672; second, if so, did the Debtor willfully fail to comply with the legal requirement to collect and remit the trust funds to the Government? As noted, the responsibility is basically a matter of status, duty and authority. *Mazo v. United States*, 591 F.2d 1151, 1154 (5th Cir. 1979). It is not necessary for all the factors to appear. The totality of the factors which are present must lead one to conclude that the individual in fact possessed substantial control over the corporate finances. *In re Clate*, 69 B.R. 506, 509 (Bankr.W.D.Pa.1987), *citing, United States v. Davidson*, 558 F.Supp. 1048, 1052 (W.D.Mich.1982).

■ Concerning the required element of willfulness, this simply is nothing more than the responsible person knowing that the trust fund taxes were not remitted to the Government and failing to rectify the situation. *In re Mazo, supra*. It is clearly not necessary to establish that the responsible person acted with bad motivation or actually had a specific intention to defraud the Government. *Sherman v. United States*, 490 F.Supp. 747, 754 (E.D.Mich. 1980).

■ It is now well established that the burden of proof is initially placed on the Government to establish that the person to be charged was the "responsible person" under 26 U.S.C. § 6672. *Thibodeau v. United States*, 828 F.2d 1499, 1504 (11th Cir.1987). However, as stated in *Thibodeau*, once the Government establishes who the responsible person is, the burden then shifts to the Debtor to prove lack of willfulness. *Id.* at 1505.

■ Based on the Statute and the facts in this case, the Government must prevail, unless this Court accepts the proposition that the Debtor was merely "a checkwriting machine" who had neither the power nor the authority over the handling of trust funds.

Judge Thomas E. Baynes, Jr., a member of this Court, was called upon to consider a strikingly similar situation in *In the Matter of Hanshaw*, 94 B.R. 753 (Bankr.M.D.Fla. 1988). In that instance the person was found to have been a responsible person, was not an officer, director or shareholder, but was merely an employee hired as comptroller to perform basic accounting functions for the corporation, unlike the Debtor in the present instance. In *Hanshaw*, the debtor was found to be significantly more than a "breathing equivalent of a checkwriting machine" who had no authority to direct the disbursement of corporate funds. *See also, In the Matter of Brahm*, 52 B.R. 606, 608 (Bankr.M.D.Fla.1985).

In support of the proposition that this Debtor was, in fact, a mere "checkwriting machine" without authority to control the disbursement of corporate funds, counsel for the Debtor urges that the Debtor is basically a young, unsophisticated person with limited education, lacking any business acumen or savvy, who merely followed the instructions of her father who was ultimately the decision maker. While it is conceded that she did, in fact, sign the vast majority of the checks, balanced the corporate books and records and signed the 941 returns, counsel claims that she blindly followed instructions of her father and had she not done so, she would have lost her job for not obeying the command of her father, a proposition not without serious doubt.

The fact that the Debtor's father is admittedly a "responsible person" under the statute does not preclude the finding that this Debtor was also a "responsible person" who knew very well that the trust fund taxes were not turned over to the Government and failed to rectify it. There is no evidence in this record that she attempted to rectify the problem, but was prohibited by her father under the threat of losing her job. A similar defense was raised and rejected in the case of *Howard*

*v. United States*, 711 F.2d 729, 734 (5th Cir.1983), where the court held:

> The fact that the debtor might have been fired does not make him any less responsible for the payment of the taxes.

In sum, this Court is satisfied that the Debtor was, in fact, the "responsible person" within the meaning of 26 U.S.C. § 6672 and, therefore, the 100% assessment imposed by the Government was proper and she is legally responsible for the same. Based on the foregoing, her objection to the claim asserted by the Government is overruled and the claim under consideration is allowed as filed.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Objection to Claim of IRS be, and the same is hereby, overruled, and the claim of the Government is allowed as filed.

DONE AND ORDERED.