Joseph KELLER, Plaintiff/Appellant,

v.

UNITED STATES of America, Defendant/Appellee,

v.

Lillian HALSTEAD, Counter–Defendant/Appellee.

No. 93–3793.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 13, 1994.

Decided Feb. 2, 1995.

Rehearing Denied March 30, 1995.

852

Gregory C. Larson, Bismarck, ND, for appellant.

Anthony T. Sheehan, Dept. of Justice, Washington, DC, Gary Allen and Kenneth Greene appeared on the brief, for appellee.

Before WOLLMAN, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and HANSEN, Circuit Judge.

WOLLMAN, Circuit Judge.

In this federal tax case, Joseph Keller appeals from the district court's[1] grant of summary judgment in favor of the United States with respect to his liability under 26 U.S.C. § 6672. We affirm.

## I.

Joseph Keller served as the personal representative of the estate of his brother, Wilhelm Keller (Wilhelm). At the time of his death in 1982, Wilhelm was the owner of the Sleepy Hollow Inn (Inn) in Beulah, North Dakota. Wilhelm's will directed the estate's personal representative to operate the Inn until it could be sold. In 1982, Keller sold the Inn under a contract for deed. After the buyers experienced financial difficulties in 1984, Keller renegotiated terms of the contract. The buyers, however, eventually defaulted on the contract in 1985, and the Inn was returned to Wilhelm's estate. Keller

---

1. The Honorable Paul Benson, Senior United States District Judge for the District of North Dakota.

then participated in a meeting with the estate's heirs and the estate's attorney. At that meeting, Keller expressed his desire to turn the Inn over to the bank holding the mortgage. After the heirs objected, Keller ultimately agreed to let the heirs operate the Inn.

Keller hired Lillian Halstead as the manager of the Inn. Halstead was employed in that position from January 1986 until the Inn was closed in June 1988. Her duties included maintaining the Inn's checking account, keeping the books, and setting the salaries for employees. She also prepared the Inn's tax returns and paid amounts due for worker's compensation insurance and state withholding taxes. As manager, Halstead was responsible for the day-to-day operation of the Inn.

Keller also authorized the employment of a secretarial service, which was initially retained to manage the Inn's bookkeeping, payroll, and state and federal tax reporting requirements. The service filed the reports and paid the withholding taxes for the first two quarters of 1986. The Inn subsequently defaulted on its payments to the secretarial service, and Keller had to negotiate a settlement for its fees. Thereafter, Halstead and one of the heirs employed at the Inn took over the payroll, and Keller instructed that they consult with the estate's attorney to learn how to comply with payroll tax reporting and payment requirements.

Sometime around October 1987, Keller discovered that the Inn's federal withholding taxes had not been remitted for the third and fourth quarters of 1986. He then filed the quarterly reports for those quarters and made payments toward the amounts due. Again, Keller expressed his desire to shut down the Inn. After attending a meeting to discuss the situation with Halstead, the bank, the estate's attorney, and a Small Business Administration counselor, Keller once again agreed to allow the Inn to continue operating. Keller thereafter instructed Halstead to comply with the reporting requirements and to pay the withholding taxes in the future. Other than periodically inquiring of Halstead whether she was following his instructions,

Keller did nothing to ensure that taxes were actually being remitted. In June 1988, Keller finally closed the Inn after discovering that Halstead had continued to fail to pay federal withholding taxes.

In March 1990, the Internal Revenue Service (IRS), pursuant to 26 U.S.C. § 6672, assessed a penalty against Keller in the amount of $18,485.57 for the third and fourth quarters of 1986, all of 1987, and the first and second quarters of 1988. The IRS charged that Keller was a responsible person who had willfully failed to pay over federal employment taxes withheld from the wages of the Inn's employees. Keller paid a nominal amount and filed a claim for a refund and an abatement. After the IRS denied the claim, Keller filed suit in federal court. The government filed a counterclaim against Keller and Halstead, seeking payment of the remainder of the assessment. The district court granted the government's motion for summary judgment on its counterclaim against both Keller and Halstead and dismissed Keller's complaint. This appeal followed.[2]

## II.

We review a district court's grant of summary judgment *de novo*. *Willman v. Heartland Hospital East,* 34 F.3d 605, 609 (8th Cir.1994). We must inquire whether the record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine dispute of material fact and that the moving party is entitled to judgment as a matter of law. *Id.* at 609–10.

Section 6672 provides in pertinent part:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall ... be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

2. Halstead did not appeal the district court's judgment.

■ To incur liability under section 6672 for unpaid employment taxes, an individual must 1) be a responsible person who 2) willfully fails to pay over withholding taxes to the United States. *E.g. Jenson v. United States,* 23 F.3d 1393, 1394 (8th Cir.1994); *Barton v. United States,* 988 F.2d 58, 59 (8th Cir.1993). An individual is a responsible person within the meaning of section 6672 if he has "the status, duty and authority to avoid [a] ... default in collection or payment of the taxes." *Kenagy v. United States,* 942 F.2d 459, 464 (8th Cir.1991). A responsible person acts willfully if he " 'acts or fails to act consciously and voluntarily and with knowledge or intent that as a result of his action or inaction trust funds belonging to the government will not be paid over but will be used for other purposes,' or by proceeding with a 'reckless disregard of a known or obvious risk that trust funds may not be remitted to the government.' " *United States v. Honey,* 963 F.2d 1083, 1087 (8th Cir.) (quoting *United States v. Olsen,* 952 F.2d 236, 240 (8th Cir.1991)), *cert. denied,* —— U.S. ——, 113 S.Ct. 676, 121 L.Ed.2d 598 (1992).

## A.

■ Keller first contends that he is not a responsible person. He argues that Halstead and the heirs of the estate had day-to-day control over operation of the Inn and that he did not direct or control its disbursements. Keller, however, fails to recognize that more than one person may be considered responsible under section 6672. It is not necessary that a responsible person be an actual disbursing officer. *Jenson,* 23 F.3d at 1394. It suffices if the person "has significant, though not exclusive, authority in the area of corporate decision-making and matters related to federal tax payments." *Kenagy,* 942 F.2d at 464. Moreover, an otherwise responsible person does not avoid liability under section 6672 by delegating his authority to another. *E.g. Thomsen v. United States,* 887 F.2d 12, 17 (1st Cir.1989); *see also Kizzier v. United States,* 598 F.2d 1128, 1132 (8th Cir.1979) (corporate officer was responsible person despite his having delegated day-to-day operations to a manager).

■ There is no dispute that Keller was at all times the personal representative of Wilhelm's estate, owner of the Inn. As such, Keller was personally vested under state law with the ultimate responsibility for the estate. *See* N.D. Cent.Code §§ 30.1–18–01—30.1–18–21 (1976 & Supp.1993). His authority over the Inn was equivalent to that of an absolute owner, holding it in trust for the benefit of creditors and other interested parties. *Id.* § 30.1–18–11. He controlled the estate's bank accounts, and he was authorized to engage in various transactions on behalf of the estate. *See id.* § 30.1–18–15. Indeed, Keller in fact exercised that authority by, among other things, employing persons to assist in administering the estate and borrowing money for and making improvements to the Inn. Finally, Keller does not dispute that, upon learning that withholding taxes had not been paid, he filed the Inn's quarterly tax returns and made payment toward the amount of taxes due. Thus, Keller's own actions reflect that he considered himself to have certain authority and responsibility in matters relating to payment of employment taxes. Although he may have delegated to Halstead certain responsibilities relating to operation of the Inn, that delegation did not divest Keller of the ultimate authority to prevent the Inn's default in payment of the taxes. The fact that Keller chose not to fully exercise that authority is not determinative. Accordingly, we hold that Keller was a responsible person within the meaning of section 6672.

## B.

■ Keller next claims that there is a genuine issue of material fact as to whether he willfully failed to pay withholding taxes. He argues that he had no actual knowledge that taxes were not being remitted. Even assuming Keller lacked actual knowledge, his actions or inaction, as the district court held, could still constitute willful conduct if he recklessly disregarded a known or obvious risk. *Honey,* 963 F.2d at 1087. Reckless conduct includes a " 'failure to investigate or to correct mismanagement after having notice that withholding taxes have not been remitted to the Government.' " *Hartman v. United States,* 538 F.2d 1336, 1341 (8th Cir.

1976) (quoting *Kalb v. United States,* 505 F.2d 506, 511 (2d Cir.1974), *cert. denied,* 421 U.S. 979, 95 S.Ct. 1981, 44 L.Ed.2d 471 (1975)). "Once a 'responsible person' has had clear notice that the person to whom he has delegated responsibility for paying the taxes has wrongfully failed to pay them in the past, he continues to delegate that responsibility only at his peril." *Thomsen,* 887 F.2d at 19. If the responsible person continues to delegate without taking appropriate measures to ensure that future taxes are paid, his failure to take such measures will be considered willful conduct. *Id.*

 Here, Keller was a responsible person under section 6672 during all of the quarters that the Inn failed to pay withholding taxes. As such, once he learned of the Inn's default in making payment, he was obligated to apply unencumbered funds of the Inn to pay the taxes due for the last two quarters of 1986 and any future quarters. *See Honey,* 963 F.2d at 1089. Keller received clear notice in 1987 that Halstead had failed to remit withholding taxes to the government, after having already learned that she had defaulted on payments in 1986 to the secretarial service that was initially hired to perform that task. Keller considered the problem serious enough that he met with Halstead and others to discuss the situation. Yet he again delegated to Halstead a second time and instructed her to pay the taxes and consult with the estate's attorney. Keller argues that his subsequent failure to pay withholding taxes was not willful because, he claims, Halstead assured him that taxes were being paid and he assumed that she was doing so. Keller, however, was no longer entitled to rely on Halstead or make that assumption. *Dougherty v. United States,* 327 F.Supp. 202, 205 (D.S.D.1971), *aff'd without opinion,* 471 F.2d 656 (8th Cir.1972). Other than periodically inquiring of Halstead whether she was complying with the payroll reporting and payment requirements, Keller did nothing for more than a year to confirm that the taxes were actually being paid. Given these undisputed facts, we hold that Keller's failure to appropriately supervise Halstead or take independent action to ensure that withholding taxes were being paid was reckless and, therefore, constitutes willful conduct.

Keller also argues that his conduct was not willful because he relied on statements by the estate's attorney and that he was fearful of lawsuits by the estate's heirs. Such attempts at establishing reasonable cause to excuse the failure to pay over withholding taxes do not negate a finding of willfulness. *Olsen,* 952 F.2d at 241. We are not unsympathetic toward Keller's predicament. Indeed, we recognize that the "[t]he statute is harsh, but the danger against which it is directed—that of failing to pay over money withheld from employees until it is too late, because the company has gone broke—is an acute one, against which, perhaps, only harsh measures are availing." *Wright v. United States,* 809 F.2d 425, 428 (7th Cir.1987). Accordingly, we agree with the district court that there is no dispute of material fact and that the government is entitled to judgment as a matter of law.

The judgment is affirmed.