In the Matter of Samuel Steve
BOWMAN and Karen Ann
Bowman, Debtors.

No. BK00–81462.

United States Bankruptcy Court.
D. Nebraska.

July 14, 2003.

Richard Register, Register Law Office,
Fremont, NE, for Debtor.

## MEMORANDUM

TIMOTHY J. MAHONEY, Chief Judge.

Hearing was held on April 28, 2003, on the debtors' Objection to Claim of Internal Revenue Service, Filing No. 88, and the Resistance by Creditor, Filing No. 95. Richard Register appeared for the debtors, and Hilarie Snyder appeared for the Internal Revenue Service. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A) and (O).

The following statements in numbered paragraphs 1, 2, 3, 4 are taken from the Joint Pretrial Statement, Filing No. 115. Paragraph 5 contains findings of fact and conclusions of law as determined by the court.

### 1. Summary of the Case and the Defenses or Objections.

The IRS filed an amended proof of claim in June 2001. The proof of claim sought

overdue personal income taxes, as well as penalties pursuant to § 6672 of the Internal Revenue Code. Debtors objected to the proof of claim for two reasons. First, debtors argued that Mr. Samuel Bowman was not a responsible person and should not be liable for the § 6672 penalties. Second, debtors argued that the manner in which the proof of claim was drafted made the IRS's claim appear approximately two times larger than what it should be.

The first issue goes to the heart of this case. Employers are required to withhold federal income taxes from their employees' wages and pay those taxes over to the government, 26 U.S.C. § 7501; *see also Hartman v. United States*, 538 F.2d 1336, 1339 (8th Cir.1976). If a corporate employer defaults with respect to sums withheld by it, a corporate officer or employee may be held liable for the unpaid taxes through § 6672 of the Internal Revenue Code if the individual was a "responsible person" and acted willfully. 26 U.S.C. §§ 6672; *see also Hartman*, 538 F.2d at 1340. The government contends that Mr. Bowman is jointly and severally liable for the § 6672 taxes with Mrs. Bowman. Debtors argue that Samuel Bowman is not a responsible person and/or did not act willfully; accordingly, he should not be liable for the § 6672 penalties.

■ The second issue is merely one of organization of the proof of claim. It is the IRS's position that Mr. and Mrs. Bowman are jointly and severally responsible for the § 6672 penalties, although the IRS can only collect the amount due for these taxes once. The IRS's proof of claim highlighted this issue. Debtors contend that the proof of claim, because it totals the amounts due, creates an ambiguity with respect to the total amount the IRS can collect pursuant to § 6672. Debtors argue that this ambiguity, in conjunction with the Trustee's normal business practices, effectively makes the IRS's proof of claim approximately two times what it should be. If debtors successfully show that Mr. Bowman is not liable for the § 6672 penalties, this organizational issue is moot. Alternatively, if Mr. Bowman is liable for these taxes, the parties are confident they can submit a proposed order highlighting the joint and several nature of the debtors' liability, while also taking into account the Trustee's calculation practices and any potential ambiguities. Debtors have the burden of proof. *In re Schroeder*, 1994 WL 527177 (Bankr.D.Neb.1994).

## 2. Summary of Uncontroverted Facts

A. Debtors, Samuel and Karen Bowman, are a married couple. They were married prior to October 1992.

B. Debtors, Samuel and Karen Bowman, filed a Chapter 13 petition with this court in June 2000.

C. Debtors, Samuel and Karen Bowman, owe the following personal income tax:

| Tax Period | Tax Assessed | Tax Due | Interest to Petition Date |
|---|---|---|---|
| 12/31/96 | 1/3/00 | $3,101 | $1,156.76 |
| 12/31/98 | 9/25/00 | 581 | 69.69 |
| | | $3,681 | $1,226.45 |

D. In October 1992, Sam Bowman Trucking, Inc. ("Bowman Trucking") was incorporated in the State of Nebraska.

E. Debtors, Samuel and Karen Bowman, along with their son, S. Douglas Bowman, were the incorporators of Sam Bowman Trucking, Inc.

F. From 1992 through May 1994, Samuel Bowman, Karen Bowman, and S. Douglas Bowman were all directors of Bowman trucking.

G. From 1992 through October 1993, Karen Bowman was the secretary and treasurer of Bowman Trucking. Beginning in October 1993 through Bowman Trucking's 2000 bankruptcy, Karen Bowman was the president, secretary, and treasurer of Bowman Trucking.

H. From October 1992 through October 1993, S. Douglas Bowman was the president of Bowman Trucking.

I. From October 1992 through May 1994, Samuel Bowman was the chairman of the board of Bowman Trucking.

J. On May 20, 1994, Samuel Bowman tendered his resignation as chairman of the board and as a director because his health was poor and he had to give up his corporate officership in order to receive Social Security benefits.

K. From October 1992 through Bowman Trucking's 2000 bankruptcy, Samuel Bowman owned 50% of the stock of Bowman Trucking. Karen Bowman owned 25% and S. Douglas Bowman, debtors' son, owned the remaining 25%.

L. Karen Bowman and Samuel Bowman were authorized to sign checks on behalf of Bowman Trucking.

M. Bowman Trucking did not pay all of the required employment taxes to the government.

N. Bowman Trucking filed for bankruptcy on June 26, 2000.

O. Taxes were assessed against debtors, Samuel and Karen Bowman, individually and severally, pursuant to § 6672 of the Internal Revenue Code in the following amounts:

| Tax Period | Assessed | Tax Due | Interest to Petition Date |
|---|---|---|---|
| 09/30/96 | | $ 3,251.42 | |
| 09/30/97 | | 11,175.26 | |
| 12/31/97 | | 5,171.28 | |
| 03/31/98 | | 7,832.39 | |
| 06/30/98 | | 8,972.22 | |
| 12/31/98 | | 12,331.24 | |
| | 06/21/99 | $48,733.81 | $4,248.03 |
| 06/30/99 | 06/17/02 | $ 3,014.27 | |
| 09/30/99 | 06/17/02 | 7,774.72 | |
| 12/31/99 | 06/17/02 | 8,281.21 | |
| 03/31/00 | 06/17/02 | 5,355.32 | |
| 06/30/00 | 06/17/02 | 4,235.90 | |
| 09/30/00 | 06/17/02 | 4,235.90 | |
| | | $32,897.32 | $ 0 |
| | TOTAL | $81,631.13 | $4,248.03 |

(At trial the parties stipulated to an amended balance due of $81,077.23 tax and penalty, plus $5,474.48 interest, for a total trust fund tax obligation of $86,551.71.)

P. Additionally, penalties on the unsecured priority claims and interest up to the petition date total $1,748.48.

Q. The IRS filed an amended proof of claim dated June 4, 2001.

R. Debtors objected to the proof of claim.

S. Karen Bowman is liable for all of the taxes, penalties, and interest described above in paragraphs C, O, and P.

T. Samuel Bowman is liable for the taxes and interest assessed against him for his personal income taxes.

### 3. Summary of Controverted Facts and Unresolved Legal Issues

The issue before this court is whether Samuel Bowman is liable for the § 6672 penalties. In order to be liable, a person must be a "responsible person" and act willfully. 26 U.S.C. § 6672. The government contends that Mr. Bowman's majority stock ownership, combined with his signatory authority, signing of company checks, signing of Bowman Trucking loan documents, and knowledge regarding Bowman Trucking's tax liabilities establish that Samuel Bowman is liable. Debtors contend Mr. Bowman is not a responsible person under 26 U.S.C. § 6672.

### 4. Findings of Fact and Conclusions of Law

■ This matter concerns Samuel Bowman's alleged liability as a "responsible party" for trust fund taxes unpaid by a corporation entitled Samuel Bowman Trucking, Inc.

Sam Bowman was a truck driver for a number of years prior to 1992. In 1992, he

and his wife incorporated his trucking business, mainly to enable them to avoid personal liability for damages caused in the future by any of the company's drivers. Within a couple of years, Sam Bowman had such serious health problems that he was eligible for Social Security disability payments, even though he was not yet 60 years old. His wife was informed that he would not be eligible for Social Security disability payments if he was an officer or director of any corporation. Because he was a 50% shareholder, member of the board of directors, and chairman of the board of the Bowman Trucking company, he needed to resign such offices in order to be eligible for the Social Security disability payments.

Filing No. 144 is a document in evidence which purports to be the minutes of a May 1994 directors meeting. The minutes reflect that Sam Bowman resigned as a director at that meeting. Thereafter, he was not reinstated as an officer or director.

From the time the trucking business was incorporated, it was operated by Mrs. Bowman. She held various official titles but was the actual manager of the business. She made the decisions concerning the hiring and firing of personnel, purchasing of vehicles, payment of obligations, and borrowing of funds. Sam Bowman, because of his health problems, was not directly involved in the operation of the business.

The general office of the business was in the home of Mr. and Mrs. Bowman. The books and records were maintained in the home, both in hard-copy form and in computer files. Because of early financial difficulties, and the decision by Mrs. Bowman to pay employees and creditors rather than paying the government the withholding taxes on employees' wages, the company got into difficulty with the Internal Revenue Service. To settle with the Internal Revenue Service, Mrs. Bowman borrowed money, either on behalf of the company or on her own signature, and paid the Internal Revenue Service more than $35,000 for withholding taxes, interest, and penalties.

Nonetheless, between 1996 and the filing of the bankruptcy case in the year 2000 by the trucking company, it once again got into difficulty with the Internal Revenue Service for failure to pay employment taxes. With interest and penalty as of the petition date, the amount due the IRS from the trucking company or its responsible party employees is now more than $86,000. Mrs. Bowman has agreed that she is a "responsible person" under the Internal Revenue Service statute and that she is liable for the full obligation to the IRS.

Sam Bowman, however, denies that he is a "responsible person" and denies that he is liable for any of the trust fund taxes related to the corporate obligations.

Over the years since the incorporation and since Mr. Bowman was removed as an officer and director, he has continued to sign loan documents both in his individual capacity and in a capacity which the loan documents state is "chairman of the board" or "chairman." In addition, he has signed checks for payroll for at least two employees, and has signed checks for parts and other purchases made by the trucking company. He prepared none of the checks. They were either prepared by Mrs. Bowman or by an employee. He signed the checks only in the absence of Mrs. Bowman and at her direction. He was authorized to do so by signature cards on file with the appropriate bank. In other words, he was a signatory to the corporate checking account.

Although the books and records of the corporation were maintained in the home

of Mr. and Mrs. Bowman, he had no knowledge concerning the manner in which to access the corporate records on the computer and had no direct knowledge of the financial obligations of the trucking company, except for his opportunity to see some of the bills that Mrs. Bowman left open on her desk. He was aware of the Internal Revenue Service's concerns about the failure of the trucking company to pay its withholding taxes, but not being an officer, director, or employee, he had no legal authority to do anything about it.

Both Mr. and Mrs. Bowman deny that they ever informed a lender, after his removal as officer and director, that he was actually the chairman of the board. They simply did not correct the lender when the lender prepared loan documents which included that title. Each of the loan documents that included Mr. Bowman's title as "chairman" also were supported by Mr. Bowman's personal guaranty and his signature was placed upon the documents in his individual capacity.

Sam Bowman has not been an officer or director of the corporation since 1994. He has authority to sign corporate checks and has done so on very few occasions since 1994. He did not sign any in a capacity of officer or director of the corporation. One or two loan documents which he signed since early 1994, and which were prepared by the bank, have his signature followed by the typed title "Chairman." He is not an officer or employee. He did not hold himself out as such. He had no control over the operation of the business, the payment of taxes, or the revenues of the business. He was aware that the company regularly had IRS problems, but did not have the ability or the responsibility to do anything about it.

To be found as a "responsible person" liable to the IRS under 26 U.S.C. § 6672, one must (1) have the authority to control the use of corporate funds and (2) wilfully fail to pay the IRS obligations. *Keller v. United States,* 46 F.3d 851, 854 (8th Cir.), *cert. denied,* 516 U.S. 824, 116 S.Ct. 88, 133 L.Ed.2d 45 (1995); *Jenson v. United States,* 23 F.3d 1393, 1394–95 (8th Cir.1994); *Olsen v. United States,* 952 F.2d 236, 238 (8th Cir.1991).

Sam Bowman is not a "responsible person" under 26 U.S.C. § 6672. The objection to claim, with regard to Sam Bowman's alleged obligations on the corporate taxes, is granted. Separate judgment will be entered.

### JUDGMENT

IT IS ORDERED: Judgment is hereby entered in favor of Samuel Bowman and against the United States of America acting on behalf of the Internal Revenue Service. Samuel Bowman has no obligation to the Internal Revenue Service under 26 U.S.C. § 6672 for trust fund taxes owed by Sam Bowman Trucking, Inc.

See Memorandum filed this date.