**In re Arnold J. HAYSMAN, Debtor.**

**Arnold J. Haysman, Plaintiff,**

**v.**

**State of Georgia, Department of Revenue, Defendant.**

**Bankruptcy No. 08–72495–MHM. Adversary No. 08–6564.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

June 28, 2010.

Richard C. Litwin, The Litwin Law Firm, P.C., Atlanta, GA, for Plaintiff.

Tiffany Y. Lucas, Georgia Department of Law, Atlanta, GA, for Defendant.

## ORDER ON MOTIONS FOR SUMMARY JUDGEMENT

MARGARET H. MURPHY,
Bankruptcy Judge.

The complaint filed by Debtor, Arnold Haysman (Plaintiff) seeks a determination that a claim by the Georgia Department of Revenue (Defendant) against him is dischargeable and a declaratory judgment that Plaintiff is not liable to Defendant. Plaintiff asserts he was not a "responsible person" in A.H. Consulting, and he did not "willfully" fail to remit withholding taxes. The parties have filed cross motions for summary judgment. For the reasons set forth below, Plaintiff's motion is granted and Defendant's motion is denied.

### I. STATEMENT OF FACTS

In 2001, Plaintiff incorporated A.H. Consulting, in which he was a 50% shareholder, President, Secretary and Chief Executive Officer for the life of the company. Plaintiff also served as Chief Financial Officer from 2001 through 2003. In October 2002, A.H. Consulting purchased Wholesale Appliance Depot, a retail store selling appliances. A.H. Consulting operated under the trade name "Wholesale Appliance Depot" and consisted of two store locations, one in Jesup, Georgia and one in Baxley, Georgia.

Alan Haysman, Plaintiff's brother and a 50% shareholder in A.H. Consulting, oversaw operations in both stores as manager and worked in the Baxley store. Defendant's brother's wife, Petra Haysman, ran the Jesup store location. Defendant's brother oversaw the payment of bills, controlled the bank accounts of Wholesale Appliance Depot and hired and fired employees. He also oversaw the preparation and filing of all Georgia tax forms, and signed all checks for state sales taxes, employer

withholding taxes and unemployment insurance taxes.

Plaintiff lived in Atlanta with a full time job there, and was not on the payroll of Wholesale Appliance Depot. He visited the stores approximately twice a month from 2002 to 2004, and once every four to six weeks from January 2005 onward. When he visited the stores, he did not run the store, instruct employees or complete sales. Plaintiff occasionally assisted with deliveries, looking to the employee in charge of the delivery for instruction. He sometimes delivered appliances from Atlanta-based suppliers to one of the stores as part of his visits. When requested, Plaintiff would sign checks written per his brother's instructions while visiting the stores when Alan Haysman was not present.

Plaintiff turned to Alan Haysman for all information regarding the stores' financial condition. Alan Haysman controlled the information that was disclosed to Plaintiff. On January 25, 2007, Plaintiff received a notice from Patsy Williams of the Georgia Department of Revenue informing him that Wholesale Appliance Depot failed to pay state sales taxes and employer withholding taxes. Prior to this notice, Plaintiff was unaware of Wholesale Appliance Depot's unpaid taxes. In September 2007, the Department of Revenue assessed Plaintiff for withholding taxes for April 2004 through December 2006, which now total $36,316.84, including interest and penalties. In October 2007, Plaintiff was assessed for unpaid sales taxes from both stores from July 2006 through December 2006, which now total $48,230.44.

## II. CONCLUSIONS OF LAW

Pursuant to FRCP 56(c), incorporated in Bankruptcy Rule 7056, a party moving for summary judgment is entitled to prevail if no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. Only disputes of fact which might affect the outcome of the proceeding will preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). *See also, Lyons v. U.S. Marshals,* 840 F.2d 202 (3d Cir.1988); *Donovan v. General Motors,* 762 F.2d 701 (8th Cir.1985). "[I]n ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254, 106 S.Ct. 2505, 91 L.Ed.2d 202. The actual quantum and quality of proof necessary to support a finding in favor of the plaintiff must be considered to determine whether a **genuine** dispute of fact exists. *Id.*

 Plaintiff seeks a ruling that the tax liability assessed against him is dischargeable. In relevant part, O.C.G.A. § 48–2–52 provides:

> Any officer or employee of any corporation, any member, manager, or employee of any limited liability company, or any partner or employee of any limited liability partnership who has control or supervision of collecting from purchasers or other amounts required under this title or of collecting from employees any taxes required under this title, and of accounting for and paying over the amounts or taxes to the commissioner, and who willfully fails to collect the amounts or taxes, or truthfully to account for and pay over the amounts or taxes to the commissioner, or who willfully attempts to evade or defeat any obligation imposed under this title, shall be personally liable for an amount equal to the amount evaded, not collected, not accounted for or not paid over.

A person is liable for a company's unpaid taxes if he is (1) a responsible person who

(2) willfully fails to collect and remit state employment or sale taxes. Because O.C.G.A. § 48–2–52 mirrors 26 U.S.C. § 6672, federal law is applicable in construing the statute. *Blackmon v. Mazo,* 125 Ga.App. 193, 196, 186 S.E.2d 889 (1971).

## III. DISCUSSION

■ A responsible person within the meaning of O.C.G.A. § 48–2–52 is one who controls the funds of the company and fails to remit the required taxes. *In re Brahm,* 52 B.R. 606, 608 (Bankr.M.D.Fla.1985). A court cannot determine a person is responsible under the statute solely from a title, but must also consider whether the person performed the duties of an officer and exercised authority within the company. *O'Connor v. United States,* 956 F.2d 48, 51 (4th Cir.1992). Indications of authority to pay the delinquent taxes include "holding of corporate office, control over financial affairs, the authority to disburse corporate funds, stock ownership and the ability to hire and fire employees." *Thosteson,* 331 F.3d at 1299, quoting *George v. United States,* 819 F.2d 1008, 1011 (11th Cir.1987). The mere ability to independently sign checks is not enough; a responsible person decides what bills to pay and when they should be paid. *Brahm,* 52 B.R. at 608. The key determination is whether the person in question had the authority to act. *Walker v. IRS,* No. 4:07–CV–0102–HLM, 2009 WL 1241929 (N.D.Ga. Feb. 26, 2009).

■ Defendant presented evidence that Plaintiff held various titles within A.H. Consulting, but failed to demonstrate that Plaintiff had official duties or authority consistent with these titles. In fact, when Plaintiff was present at the stores, he exercised less authority than an employee: he did not complete sales or direct employees and turned to an employee for direction when assisting in deliveries. Defendant offers proof that Plaintiff had the ability to sign checks, but statements made by Alan Haysman and employees of Wholesale Appliance Depot demonstrate that Plaintiff held only as much authority over the company's finances as Alan Haysman granted him. Defendant did not meet its burden of establishing Plaintiff is a responsible person. Plaintiff may have held the titles of President and, before 2004, Chief Financial Officer, but Alan Haysman made all decisions concerning the corporation's finances.

Liability attaches under § 48–2–52 only if the responsible person willfully failed to remit the required state taxes. Willfulness requires either knowledge that the required taxes are not being paid or recklessly ignoring a known risk that the taxes will not be paid. *Keller v. U.S.,* 46 F.3d 851, 854 (8th Cir.1995); *Brahm* 52 B.R. at 608. A responsible person cannot prove a lack of willfulness simply by demonstrating that the task had been delegated to another. *Hornsby v. I.R.S.,* 588 F.2d 952, 953 (5th Cir.1979). The willfulness requirement is satisfied by a responsible person who consciously fails to act with the intent that the taxes will not be paid. *Keller,* 46 F.3d at 854.

■ Even assuming that Plaintiff was a responsible person under O.C.G.A. § 48–2–52, he did not willfully fail to pay the required taxes. Plaintiff was unaware of Wholesale Appliance Depot's tax deficiency because his brother controlled the financial affairs of the stores and Plaintiff's knowledge of the stores' finances. The Georgia Department of Revenue has not produced evidence demonstrating that Plaintiff knew that a risk existed that Alan Haysman would not pay state taxes. Without knowledge of a risk that the taxes would go unpaid or knowledge of the actual tax debts, Plaintiff did not willfully fail to remit state taxes and, thus, is not liable

under O.C.G.A. § 48–2–52. Accordingly, it is hereby

**ORDERED** that Plaintiff's motion for summary judgment is *granted,* and Defendant's motion for summary judgment is *denied.*

**The Clerk, U.S. Bankruptcy Court, is directed to serve** a copy of this order upon Plaintiff's attorney, Defendant's attorney, and the Chapter 7 Trustee.