### 6866.  WARD v. FLEMING.

1. A person jointly liable with another upon a promissory note or other like obligation, and therefore equally bound with him to bear the common burden, is entitled to contribution from his joint obligor, should he be compelled to discharge the common liability.  Civil Code, § 4588. Consequently, where the payee of a promissory note, of his own motion, releases one of the joint makers, the other is discharged from liability. Civil Code, § 4309.

2. In a suit upon a joint promissory note of a husband and his wife, where the only issues were those raised by pleas of recoupment and non est factum, and there was no plea of suretyship, or that the note was an assumption by the wife of her husband's debt, the dismissal of one of the joint makers operated to abate the action as to the other, since it was undisputed that the joint obligation was signed by both makers or by neither.

3. There being no evidence that the husband alone signed the alleged joint undertaking, but the testimony for the plaintiff being that both of the defendants signed the note, and the testimony in behalf of the defendants being that neither of them signed it or authorized any one to do so in their behalf, a verdict finding against one of the defendants, after the plaintiff had voluntarily dismissed his action against the other, was unauthorized.

DECIDED MAY 19, 1916.

Complaint; from municipal court of Atlanta.   July 27, 1915.

*Gober & Jackson,* for plaintiff in error.

*Arnaud & Donehoo,* contra.

RUSSELL, C. J.   The suit was upon a joint promissory note. Upon the trial it developed that one of the joint makers was the wife of the other.   The defendants pleaded not est factum.   Later, by amendment, the defendants filed a plea of recoupment, in which they attempted to set off certain damages, consisting of expenses incurred in giving a bond to dissolve a garnishment and employing an attorney to make an answer, and for lost time in connection with the dissolution and the answer.   The plaintiff proved by the subscribing witness that both of the joint makers signed the note, and the defendants each testified that the note was a forgery.   In proof of the consideration of the note there was testimony that the husband had purchased some goods from the original payee, but no proof that the goods purchased by him constituted the entire consideration of the note; and there was testimony in general terms that both makers owed the payee prior to giving the note. It does not appear what proportion of the amount represented by the note was owed by each maker, or whether the original indebtedness, like the note itself, was joint, the only testimony as to the consideration of the note being the statement of the attesting witness: "I know that these negroes [the defendants] owed my father this store account."   During the trial the plaintiff dismissed the suit as to the wife, and the jury rendered a verdict against the other joint maker, after allowing a set-off by way of recoupment.

There was no issue that authorized such a verdict.   The plaintiff,

by the very nature of the note, was compelled to recover against both of the defendants or against neither, unless there had been evidence that only one of them executed the note. In that event it would have been within the power of the jury to find in favor of the plea of non est factum as to one of the defendants, and to find against it as to the other; in other words, to find that the note had been executed by one person alone, instead of by two; but since the effect of the testimony as a whole was to show that the note, if executed at all, was a joint undertaking of two parties, both of whom had been served and were before the court, the effect of dismissing one of these joint makers was necessarily to discharge the other. It was argued that, since there was evidence that the joint maker who signed last was the wife of the other maker, and that the debt evidenced by the note was a debt of the husband, the wife's obligation to pay was absolutely void, and, therefore, that it was useless to obtain a judgment against her, and that for this reason she could properly be dismissed from the suit. It is true that "where suit is brought against two or more defendants alleged to be jointly liable, and the proof or pleadings show that there is no joint liability, the plaintiff may dismiss as to those who are not proper parties to the action." *Lippincott* v. *Behre,* 122 *Ga.* 543 (2). However, in our opinion, there is no evidence, except such as is purely matter of opinion and therefore non-probative, that the debt was that of the husband, and the opinion of the witness to this effect is apparently disputed by every fact stated by her. Her opinion that the original account was the wife's debt is accompanied by the positive declaration of the same witness that she did not know anything about it; that she did not see the goods sold or know how the debt originated, and that she herself did not sell anything to either of the defendants; and therefore this testimony was without probative value. So far from asserting that the execution of the note was an assumption by the wife of an obligation of her husband, the defendants both testified that they had never seen the note, and that neither of them signed it, and both denied that they were indebted at all. In the state of the record, therefore, the plaintiff's dismissal of one of the joint makers amounted to no more than a voluntary release of one of two joint makers without the consent of the other, with the result that the latter was thereby discharged.

Granting that the plaintiff might have shown that the wife was a mere surety for her husband, the burden was upon her to establish that fact, and the plaintiff failed to carry the burden.  If there had been such proof, it might have been within the power of the jury to find against only one of the defendants, but the exercise of that prerogative was for the jury alone, and it was not within the power of the plaintiff, of her own motion, to anticipate the probability of a verdict relieving a promisor who, according to the terms of the very instrument which was the basis of the suit, was a joint maker, to whom the other joint obligor, in the event of liability, would have the right to look for contribution.  Under the well-settled rule of the common law, the promisee in a joint obligation was required to proceed against all the joint obligors.  *Lippincott* v. *Behre,* supra.  Our code provides for several exceptions.  In cases in which service can not be effected, or in which joint makers or even sureties live in different counties, the owner of a promissory note may proceed at his option against one of the promisors, without regard to the other.  But statutes in derogation of the common law can not be extended beyond their express provisions.  Section 4309 of the Civil. Code declares that "a release sometimes results as an operation of law; as, when a creditor releases another who is bound jointly. with or primarily to the debtor," etc.  The reason for this rule is found in section 4588 of the Civil Code, which, in cases of joint liability, entitles any one of several equally bound to carry a joint common burden to have contribution from the others.  The rule most frequently applies to executions, but it applies with equal reason to suits against joint obligors where the plaintiff, by his own voluntary act, releases one against whom the other joint obligor might be entitled to have contribution.

The exceptions to certain excerpts from the charge of the court can not be considered, for they are not approved by the trial judge. And it is not necessary to discuss the demurrers further than to say that the defects to which they were addressed were cured by amendment.  The plaintiff had the right to maintain the action as bearer; and the defendants were not concerned in the title of the owner, for it did not appear that any inquiry into the title of the note would have aided the defendants in setting up the defense actually relied upon by them.　　　*Judgment reversed.*