## WATKINS v. WOODBERY et al.

This being a suit at law, without any equitable features, for the purpose of enforcing contribution by several joint makers of promissory notes who have paid off the same, against one alleged to be jointly liable thereon who has paid nothing, and neither the plaintiffs' petition nor the defendant's answer alleging any facts to bring the case within the jurisdiction of a court of equity, the Supreme Court is without jurisdiction, and the case is transferred to the Court of Appeals, which has jurisdiction.

No. 776.  JULY 10, 1918.

Complaint; from Gilmer superior court.

*A. H. Burtz* and *D. W. Blair,* for plaintiff in error.

*William Butt* and *Tye, Peeples & Tye,* contra.

GILBERT, J.  Woodbery et al. brought suit against Watkins, alleging that the plaintiffs, together with the defendant, were joint makers of certain notes; that the plaintiffs, together with all of the other makers, except Watkins, had paid off the notes, while Watkins had paid nothing, and that by reason of these facts Watkins was liable to plaintiffs in designated sums by way of reimbursement and contribution. The prayers were for judgment against Watkins for the respective amounts alleged to be due, and for process. Watkins admitted signing the notes, but denied lia-

bility thereon, alleging that he had never received any considera-
tion; and alleged that it was understood, at the time he signed the
notes, that he was not to be liable, and that he was a mere accom-
modation indorser; wherefore he prayed "the judgment of the
court."

The jurisdiction of this court depends upon whether or not this
is a suit in equity. The plaintiffs' case is based upon § 4588 of
the Civil Code of 1910, which concludes with the words, "whenever
the circumstances are such that an action at law will not give a
complete remedy, equity may entertain jurisdiction." Undoubt-
edly the doctrine of contribution rests upon the equitable principle
that when the parties stand in æquali jure the law requires equality,
which is equity. Notwithstanding this fact, and also that the
right of contribution was first recognized and enforced in courts
of equity, subsequently the courts of law took and still exercise
jurisdiction on the ground of an implied contract arising from the
equitable obligation. *Dent* v. *King*, 1 *Ga*. 200 (44 Am. D. 638);
*Neel* v. *Morris*, 73 *Ga*. 406; *Hull* v. *Myers*, 90 *Ga*. 674 (4), 681
(16 S. E. 653); *Sherling* v. *Long*, 122 *Ga*. 797, 799 (50 S. E.
935); *Hall* v. *Harris*, 6 *Ga*. *App*. 822 (65 S. E. 1086); *Train* v.
*Emerson*, 141 *Ga*. 95 (80 S. E. 554, 49 L. R. A. (N. S.) 950);
13 C. J. 821, 832; 6 R. C. L. 1036; 5 Standard Enc. Proc. 498.
It will be observed that the code section cited above contemplates
the enforcement of the law of contribution by an action at law,
and provides for equitable jurisdiction only when an action at law
does not furnish a complete remedy. There are no allegations,
upon the part of either the plaintiff or the defendant, requiring an
accounting or any other equitable relief. Our conclusion, there-
fore, is that this is not a suit in equity and that this court is with-
out jurisdiction to decide the case. It is therefore ordered that the
same be transferred to the Court of Appeals, which court has juris-
diction.                                    *All the Justices concur.*