## 45269. GOLDHILL v. KRAMER.

EVANS, Judge. This case involves the principle of contribution. Both the appellant and appellee are officers of a corporation which is now insolvent and defunct, formed to operate a night club called "The Pink Pussy Cat Club," each owning one-third of the stock, the appellant serving as vice president and general manager, the appellee as president and comptroller. The club or corporation failed to pay certain Federal and State withholding (income) taxes, and the appellee thereafter paid same when called upon by the Federal and State taxing authorities. The appellee sued the defendant-appellant for contributions for the above taxes paid by him, including certain corporate intangible and other State income taxes, which he also paid personally after the club went out of business. The evidence on the trial of the issues showed the appellee was a secured creditor, that he foreclosed on and took over the assets of the now-defunct corporation. Upon the notice of seizure by the Federal government, and also the possible levy by State officers, he paid the taxes, one-half of which he now seeks in contribution from the defendant. His testimony was that he was advised by State and Federal officers that he was personally liable for the taxes as an officer of said corporation. After hearing all the evidence, the court found for the plaintiff against the defendant in a stated amount, which is apparently based on the Federal and State income taxes which should have been withheld by the parties in trust for the two governments. Error is enumerated on this judgment. *Held*:

1. The purpose of the Federal statute establishing penalties for wilful failure to collect and pay over taxes is to permit the tax-

ing authority to reach those responsible for a corporation's failure to pay the taxes. All officers so connected with the corporation as to have responsibility and authority to avoid default and who pay for labor and raw materials voluntarily in preference over the taxes would be liable for the penalty. The law tends to disregard the mechanical functions of various corporate officers, but, instead, emphasizes where the ultimate authority lies for the decision not to pay the taxes. 26 U.S.C.A. §§ 6671(b), 6672; United States v. Graham, 309 F2d 210; Spivak v. United States, 370 F2d 612; White v. United States, 372 F2d 513.

2. The State statute provides: "Any officer or employee of any corporation who has control or supervision of . . . collecting from employees the taxes required under the Current Income Tax" law, as amended, and accounting for and paying over said amounts to the State Revenue Commissioner, and who wilfully fails to collect such amounts, or truthfully account for or pay over such amounts shall be personally liable for the amount not paid over. Ga. L. 1960, p. 210.

3. Where one has paid more than his share of the common burden which all are equally bound to bear, contribution can be enforced by him in an action at law or equity. The right of contribution exists in both ex contractu and ex delicto cases. *Code* § 37-303; *Sherling v. Long,* 122 Ga. 797 (50 SE 935); *Watkins v. Woodberry,* 148 Ga. 249 (96 SE 338); *Powell v. Powell,* 171 Ga. 840 (1) (156 SE 677); *Southern R. Co. v. City of Rome,* 179 Ga. 449 (176 SE 7); *Ward v. Fleming,* 18 Ga. App. 128 (88 SE 899); *Horton v. Continental Cas. Co.,* 72 Ga. App. 594 (34 SE2d 605); *Powell v. Barker,* 96 Ga. App. 592 (101 SE2d 113); *Southeastern Erection Co. v. Flagler Co.,* 108 Ga. App. 831 (134 SE2d 822).

4. Although the evidence here shows that the appellee had taken over the assets of the defunct corporation and others were operating it as a going business, and that he paid the taxes to avoid the seizure by the Federal and State officers, nevertheless, there was sufficient evidence here to authorize the court to find, under the above stated statutes, State and Federal, that each of them was liable as an officer of said corporation. Having paid for materials used in the business such as labor, food

and drink, and salaries, in preference to the taxes due, they were both liable. While it was suggested by the defendant in testimony that the payment of employees and withholding the trust funds was the peculiar function of the plaintiff, yet the trial court could have found that each of the officers had equal responsibility to see that the payments had been made. All ambiguity in the evidence will be construed most strongly to support the judgment of the trial court. Accordingly, the judgment is

*Affirmed. Hall, P. J., and Deen, J., concur.*

ARGUED APRIL 13, 1970—DECIDED MAY 26, 1970—
REHEARING DENIED JUNE 15, 1970.

*Heyman & Sizemore, Joseph Lefkopf, Paul L. Hanes,* for appellant.

*Rose, Silverman & Hunt, George S. Stern, Roman A. Dziewienski,* for appellee.