46178.   BLACKMON v. MAZO.
46179.   BLACKMON v. FRIEDMAN.

PANNELL, Judge. After two preliminary determinations from an audit in progress the State Revenue Commis-

sioner made an assessment for unpaid sales and use taxes against Savannah Inn and Country Club, Inc., notice of all of which was had by the appellants here, the treasurer and secretary of Savannah Inn and Country Club, Inc., and members of its board of directors; notice of the assessment and demand for payment thereof having been made on January 14, 1970. The assessment was in the amount of $24,788.33, including interest. No one had authority to direct or make payment of this assessment other than the board of directors which neither directed nor made payment thereof. On February 3, 1970, the holder of a mortgage on the premises and certain tangible personal property owned by the Savannah Inn and Country Club, Inc., after proper advertisement, sold the security which was purchased by the mortgagee or one of its subsidiaries and on the same date the transfer of certain items of inventory valued at $24,309 was made to the mortgagee by the secretary and treasurer with consent of the other directors without a formal meeting, in return for the mortgagee's payment of payrolls which had accrued prior to February 5 in the amount of $28,919. Other payments to other creditors with knowledge of appellees and after knowledge of the tax assessment, also shown, which, together with the transfer of the inventory was in an amount in excess of the tax claim. The Federal Internal Revenue Service levied on the accounts receivable of something below $83,210.25. As a result the State's claim remains unpaid for lack of assets of the corporation out of which payment can be made. The State Revenue Commissioner then issued an assessment against the secretary and treasurer for the amount of the assessment against the corporation under Section 1 of the Act of 1960 (Ga. L. 1960, p. 210; *Code Ann.* § 92-3451a). Upon appeal to the superior court in each case, and upon hearing had after the cases were consolidated, the superior court made the following findings: "1. During the taxable period covered by the assessments to which the within appeals relate, appellant

Erwin A. Friedman was the secretary and appellant Irwin Mazo was the treasurer of Savannah Inn and Country Club, Inc. 2. Neither of said appellants was at any time during such period an employee of said corporation. 3. Neither of the said appellants at any time during the taxable period herein involved had control or supervision of collecting from purchasers amounts required to be collected under the Georgia Retailers' and Consumers' Sales and Use Tax Act and of accounting for and paying over said amounts and taxes to the State Revenue Commissioner for the account of Savannah Inn and Country Club, Inc. 4. Neither of said appellants during said period wilfully failed to collect any amounts due under said Act or wilfully failed to truthfully account for or pay over such amounts to the State Revenue Commissioner for the account of Savannah Inn and Country Club, Inc. 5. Neither of said appellants during the period covered by said assessments wilfully attempted to evade or defeat any obligation imposed against Savannah Inn and Country Club, Inc. under the Georgia Retailers' and Consumers' Sales and Use Tax Act." Pursuant to these findings the superior court declared the assessments against the individuals invalid. The State Revenue Commissioner appeals to this court basing its argument and contentions primarily as to finding number 5 and that the evidence demanded a finding contrary to that found by the superior court. *Held:*

1. Section 1 of the Act of 1960, supra, reads as follows: "Any officer or employee of any corporation who has control or supervision of collecting from purchasers amounts required under the Georgia Retailers' and Consumers' Sales and Use Tax Act, . . . and of accounting for and paying over said amounts and taxes to the State Revenue Commissioner, and who wilfully fails to collect such amounts, or truthfully account for and pay over such amounts to the State Revenue Commissioner, *or who wilfully attempts to evade or defeat any obligation imposed under said Acts, shall be personally liable for an*

*amount equal to the amount evaded,* or of the amount not collected, or not accounted for or paid over." It is to the underscored portion of this section of the Act that we direct ourselves in the present controversy. The failure to collect the taxes originally or the failure to pay the amount collected is not involved. What we have here involved is only the question of whether the appellees wilfully attempted to evade or defeat the tax, and if so, the amount evaded. That there was a failure to pay the tax claim against the corporation, and that the appellees here, as members of the board of directors of the corporation, participated in that failure is undisputed, nor was there any attack on the validity or correctness of the assessment against the corporation.

(a) The Georgia statute above referred to is very similar to the federal statute (Internal Revenue Code of 1954, § 6672, USCA Title 26, § 6672) and we may turn to the federal cases for aid in construing our statute, no doubt patterned after the federal statute. See *Goldhill v. Kramer,* 122 Ga. App. 39 (176 SE2d 232).

(b) The evidence clearly discloses a preference to other creditors, after knowledge of the assessment for taxes against the corporation, in excess of the amount of the tax claim. The question is whether such preferential payment or transfer was wilful within the terms of the statute. Wilful as here used does not carry with it connotations of bad motives, fraud, or an intent to deprive the State of its tax claim (United States v. Leuschner, 336 F2d 246; Bloom v. United States, 272 F2d 215; White v. United States, 372 F2d 513, 521; Spivak v. United States, 370 F2d 612). All that the statute requires is that the preference in favor of other creditors be made voluntarily with knowledge of the existence of the valid tax claim. United States v. Graham, 309 F2d 210; Horwitz v. United States, 339 F2d 877. We accordingly must hold that, under the undisputed facts, the trial court erred in holding that the appellees were not liable for the amount assessed against them based upon a preferential payment or transfer to other creditors under

the statute. We reverse the judgment of the trial judge with direction that he enter judgment in accordance with this opinion.

*Judgment reversed with direction. Bell, C. J., Jordan, P. J., Eberhardt, Quillian, and Evans, JJ., concur. Hall, P. J., and Deen, J., dissent. Whitman, J., not participating.*

ARGUED MAY 3, 1971—DECIDED NOVEMBER 9, 1971—
REHEARING DENIED DECEMBER 14, 1971—

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Richard L. Chambers, Timothy J. Sweeney, Assisant Attorneys General,* for appellant.

*Friedman, Haslam & Weiner, Aron G. Weiner,* for appellees.

DEEN, Judge, dissenting. The judgment of the court trying this case without the intervention of the jury must be affirmed if there is any evidence under which the inference may be drawn that the failure to pay the sales tax assessment was not wilful on the part of the defendants, secretary and treasurer respectively of the club. The taxes were primarily levied on items brought into the State, apparently by the Hotel Corporation of Georgia, which managed the financial affairs of the club under an agreement between the two entities. The agreement gave the corporation "absolute control of and discretion in the management and operation of the hotel and of all properties and funds related to such operation and . . . except as provided by this agreement, Savannah shall not be deemed to have any control or discretion therein." The corporation also had exclusive control of all gross income and bank accounts and was responsible for the disbursement of moneys and allocation of funds. A further provision of the agreement was that no person would be authorized to withdraw funds for any purpose unless such person was approved by the managing corporation. Neither the defendants nor any other officers, directors or stockholders of the club were so ap-

proved. Such acts as were done by these defendants after foreclosure proceedings were initiated or at least imminent seem to have been inconsequential and for the purpose of raising funds to meet outstanding employee payrolls, and the trial court was not, under the circumstances, constrained to find they were wilful within the meaning of the penal statute. I would affirm, under the "any evidence" rule.

I am authorized to state that Presiding Judge Hall concurs in this dissent.