S12G1931. GEORGIA DEPARTMENT OF REVENUE v. MOORE.
(751 SE2d 57)

MELTON, Justice.

We granted certiorari in this case to determine whether, in *Georgia Dept. of Revenue v. Moore*, 317 Ga. App. 31 (730 SE2d 671) (2012), the Court of Appeals correctly determined that, once the Georgia Department of Revenue settles a refund action with one responsible party against whom unpaid sales taxes were assessed, the Department is thereafter precluded by the voluntary payment doctrine from attempting collection of any amount still owing from a second responsible party. For the reasons set forth below, we find the reasoning employed by the Court of Appeals to be incorrect and remand the case for further consideration.

As set forth by the Court of Appeals, the facts of this case show:

[Richard T.] Moore and Thomas Turrentine each owned a partial interest in KTK Restaurant, LLC d/b/a The River Room; Turrentine was the majority owner of KTK Restaurant. In August 2005, a state tax execution was recorded against "Thomas Turrentine[,] KTK Restaurant LLC d/b/a The River Room[,] Personal Liability" for unpaid taxes for the period beginning July 2000 and ending September 2003. In November 2006, the Department issued to "Richard T. Moore[,] KTK Restaurant LLC d/b/a The River Room[,] Personal Liability[,] Per OCGA [§] 48-2-52" an Official Assessment and Demand for Payment, seeking $187,221.50 for sales and use taxes which The River Room owed for the period beginning August 2001 and ending September 2003. In February 2007, Turrentine paid the Department $267,174.67 "for the taxes of KTK Restaurant." As found by the ALJ (and supported by the testimony of the Department's witness), "Turrentine's payment satisfied the assessment against [Moore]. . . . In other words, the back taxes assessed against [Moore] had been paid in full." [Turrentine made this payment pursuant to an agreement with Moore, whereby Turrentine would pay the taxes in exchange for Moore releasing his interest in certain properties.] In May 2007, Turrentine filed a claim with the Department to obtain a refund of the

tax payment, stating that he was not a "responsible person" of KTK Restaurant (within the meaning of OCGA § 48-2-52).[1] After his claim was denied, Turrentine filed a lawsuit against the Department, seeking a refund of the tax payment. Turrentine and the Department settled the refund lawsuit and entered a stipulation/agreement that the Department would pay Turrentine $67,500; the agreement would be conclusive as to any claim or liability related to the $267,174.67 Turrentine paid to the Department; and the agreement would fully resolve Turrentine's liability "for KTK Restaurant, LLC, d/b/a the River Room for the sales and use tax periods of August 2001, November 2002, December 2002, January 2003, February 2003, March 2003, May 2003, June 2003, July 2003, August 2003, and September 2003." The Department paid Turrentine as agreed, but continued to demand that Moore pay the assessment for The River Room; rather than demanding the full amount sought in the official assessment ($187,221.50), the Department made an adjustment based on Turrentine's payment and demanded $72,225 from Moore. Moore appealed the November 2006 assessment to the Office of State Administrative Hearings. The administrative law judge ("ALJ") ruled in favor of the Department, concluding that Moore was a "responsible person" pursuant to OCGA § 48-2-52 and that he was liable for The River Room's taxes. The Commissioner of the Department adopted the ALJ's initial decision as the Department's final decision. Moore appealed the Department's final decision to the superior court. In reversing the Department's ruling, the superior court found, inter alia, that the payment the Department received from Turrentine had satisfied the sales and use tax obligation for The River Room for the tax period; the Department had voluntarily returned part of that payment; and the Department was not entitled to pursue Moore for the amount it had elected to return to Turrentine as a refund.

---

[1] OCGA § 48-2-52 (a) provides:

Any officer or employee of any corporation, . . . or any partner or employee of any limited liability partnership who has control or supervision of collecting from purchasers or others amounts required under this title . . . and who willfully fails to collect the amounts or taxes or truthfully to account for and pay over the amounts or taxes to the commissioner, or who willfully attempts to evade or defeat any obligation imposed under this title, shall be personally liable for an amount equal to the amount evaded, not collected, not accounted for, or not paid over.

The court also enjoined the Department from continuing to seek from Moore payment of the $72,225 assessment.

(Footnote omitted.) Id. at 32-33.

Relying on the voluntary payment doctrine of OCGA § 13-1-13,[2] the Court of Appeals affirmed the decision of the superior court, finding that: "By voluntarily paying Turrentine the settlement amount with full awareness of any potential joint claim it had against Moore, the Department forfeited any right it had to recoup from Moore the payment it made to Turrentine." *Moore*, supra, 317 Ga. App. at 36 (2). This reasoning is incorrect. The voluntary payment doctrine set forth in OCGA § 13-1-13 is a concept applicable to contracts, not tax indebtedness. Therefore, it has no application to the current matter and cannot form the basis for an opinion.

As a result of its reliance on the voluntary payment doctrine, the Court of Appeals did not address an argument by Moore, namely that he was a necessary party to the refund action between Turrentine and the Department. See OCGA § 9-11-19 (a) (2). This issue may have bearing on the matter at hand, and must be analyzed for the proper review of this case. Accordingly, we hereby remand this case to the Court of Appeals to consider the issue of whether Moore was a necessary party to Turrentine's refund action, and, if so, what consequences would follow in relation to this appeal.

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED NOVEMBER 4, 2013.

*Samuel S. Olens, Attorney General, William W. Banks, Jr., Warren R. Calvert, Frances C. Mulderig, Assistant Attorneys General*, for appellant.

*Cohen, Cooper, Estep & Allen, Jeffrey L. Cohen, Jefferson M. Allen*, for appellee.

---

[2] OCGA § 13-1-13 provides, in pertinent part:
Payments of claims made through ignorance of the law or where all the facts are known and there is no misplaced confidence and no artifice, deception, or fraudulent practice used by the other party are deemed voluntary and cannot be recovered unless made under an urgent and immediate necessity therefor or to release person or property from detention or to prevent an immediate seizure of person or property. . . .