**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**July 16, 2014**

# In the Court of Appeals of Georgia

A12A0216. GEORGIA DEPARTMENT OF REVENUE v. MOORE.

PHIPPS, Chief Judge.

This is the second appearance of this business sales and use tax case before this court. In the first appearance, *Georgia Department of Revenue v. Moore*,[1] this court affirmed the judgment of the superior court, which had reversed the final administrative decision of the Georgia Department of Revenue (the Department) regarding the tax liability of Richard Moore, a corporate officer.[2] We found that, by

---

[1] 317 Ga. App. 31 (730 SE2d 671) (2012) ("*Moore I*").

[2] In its final order, the superior court found that the Department had received full payment for the tax assessment from a different responsible person (Thomas Turrentine); that it had voluntarily refunded a portion of that payment to Turrentine pursuant to the latter's refund action; that the Department was attempting to pursue another responsible person (Moore) for the amount it had elected to return to Turrentine as a refund; and, that "[i]f the Department intended to take this course of action, it should have added Mr. Moore as a necessary party to the refund suit. See

voluntarily refunding to the corporation's majority owner, Thomas Turrentine, a portion of the taxes owed, the Department forfeited any right it had to recoup from Moore the payment it made to Turrentine.[3]

The Department appealed and, in *Georgia Department of Revenue v. Moore*,[4] the Supreme Court of Georgia reversed our decision, holding that "[t]he voluntary payment doctrine set forth in OCGA § 13-1-13 is a concept applicable to contracts, not tax indebtedness."[5] Citing OCGA § 9-11-19 (a) (2), the Court remanded the case for us "to consider the issue of whether Moore was a necessary party to Turrentine's refund action, and, if so, what consequences would follow in relation to this appeal."[6]

"Upon our review of the superior court's actions, the evidence is construed in favor of the agency's decision. Both the superior court and this [c]ourt review

---

OCGA § 9-11-19 (a). Because the Department did not do so then, it cannot so pursue Mr. Moore now." The superior court cited as authority OCGA § 48-2-52 and OCGA § 13-1-13. The facts and procedural history of the case are set out more fully in *Moore I*.

[3] *Moore I*, supra at 36 (1).

[4] 294 Ga. 20 (751 SE2d 57) (2013).

[5] Id. at 22.

[6] Id.

2

conclusions of law de novo."[7] For the reasons which follow, we reverse the judgment of the superior court.

OCGA § 9-11-19 (a) pertinently provides:

A person who is subject to service of process shall be joined as a party in the action if: . . . (2) [h]e claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may: (A) [a]s a practical matter impair or impede his ability to protect that interest; or (B) [l]eave any of the persons who are already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

It is undisputed that Moore and Turrentine were "responsible persons" of the corporation within the meaning of OCGA § 48-2-52,[8] and that they were jointly

---

[7] *GMAC v. Jackson*, 247 Ga. App. 141 (542 SE2d 538) (2000) (citations omitted); see *Coastal Marshlands Protection Committee v. Altamaha Riverkeeper*, 315 Ga. App. 510, 511 (726 SE2d 539) (2012).

[8] OCGA § 48-2-52 (a) provides: "Any officer or employee of any corporation, any member, manager, or employee of any limited liability company, or any partner or employee of any limited liability partnership who has control or supervision of collecting from purchasers or others amounts required under this title or of collecting from employees any taxes required under this title, and of accounting for and paying over the amounts or taxes to the commissioner, and who willfully fails to collect the amounts or taxes or truthfully to account for and pay over the amounts or taxes to the commissioner, or who willfully attempts to evade or defeat any obligation imposed under this title, shall be personally liable for an amount equal to the amount evaded, not collected, not accounted for, or not paid over." See *Haysman v. Dept. of Revenue*,

obligated to pay the corporation's sales and use taxes. The parties have not cited, nor have we found, any cases specifically addressing whether a responsible person[9] is a necessary party (within the meaning of OCGA § 9-11-19) to a refund action brought by another responsible person. Inasmuch as both OCGA §§ 48-2-52 and 9-11-19 are patterned after federal statutes, we will look to federal cases for guidance on the issue.[10]

---

432 BR 336, 339 (II, III) (ND Ga. 2010) ("A person is liable for a company's unpaid taxes if he is (1) a responsible person who (2) willfully fails to collect and remit . . . sales taxes. . . .A responsible person within the meaning of OCGA § 48-2-52 is one who controls the funds of the company and fails to remit the required taxes.").

[9] See OCGA § 48-2-52.

[10] See *Empire Banking Co. v. Martin*, 133 Ga. App. 115, 119 (210 SE2d 237) (1974) (noting that Section 19 of Georgia's Civil Practice Act, pertaining to the failure to join a party, "copies" Rule 19 of the Federal Rules of Civil Procedure; as this Code section (now OCGA § 9-11-19) is modeled on Federal Rule of Civil Procedure 19, see 28 USC, decisions construing the federal rule may be looked to as a guide to interpreting Georgia's law); *Blackmon v. Mazo*, 125 Ga. App. 193, 196 (I) (a) (186 SE2d 889) (1971) (because OCGA § 48-2-52 is patterned after the federal statute regarding a corporate officer's failure to pay taxes (26 USC § 6672), we "may turn to the federal cases for aid in construing [the] statute"); see generally *Matthews v. Riviera Equipment*, 152 Ga. App. 870-871 (1) (264 SE2d 318) (1980) (in deciding issue involving Ga. Code Ann. § 81A-141 (a) (now OCGA § 9-11-41), this court looked for guidance from and adopted interpretation set out in federal decisions construing Rule 41 (a) of the Federal Rules of Civil Procedure, which was the model for Ga. Code Ann. § 81A-141 (a)).

Under federal law, the liability of corporate officers for their company's unpaid sales taxes is in the nature of joint and several liability.[11] Under Georgia law, "[w]here the complainant has the right of election as to which defendants he will proceed against, [OCGA § 9-11-19 (a)] has no application."[12] Further, under Georgia law, a jointly and severally liable person is not a necessary party to a lawsuit involving another such person.[13]

This principle is recognized under Rule 19 of the Federal Rules of Civil Procedure.[14] In *Gray v. United States*,[15] where the plaintiff sued the government for

[11] See *Gens v. United States*, 615 F2d 1335, 1339-1340 (II) (Ct. Cl. 1980); *Mazo v. United States*, 591 F2d 1151, 1157 (IV) (5th Cir. 1979); see also *Thosteson v. United States*, 331 F3d 1294, 1299 (III) (A) (11th Cir. 2003) (a company may have more than one responsible party within the meaning of § 6672; that one person was responsible does not absolve another responsible person of responsibility).

[12] *Smith v. Foster*, 230 Ga. 207, 208-209 (1) (196 SE2d 431) (1973) ("Where an additional defendant is essential for a just adjudication among the existing parties to the original suit and he could have been joined originally, upon proper motion the trial court should grant the joinder. [OCGA § 9-11-19 (a)]. However, where the complainant has the right of election as to which defendants he will proceed against, [OCGA § 9-11-19 (a)] has no application.") (citations omitted).

[13] *Chaney v. Harrison & Lynam, LLC*, 308 Ga. App. 808, 820 (4) (708 SE2d 672) (2011) ("It is well settled that it is not required that all joint tortfeasors be joined together in an action against one, their liability being joint and several.").

[14] See *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U. S. 826, 838 (II) (B) (109 SCt 2218, 104 LE2d 893) (1989) (citing Fed. R. Civ. Proc. 19 (b), rejecting the

5

a refund of taxes he had paid pursuant to 26 USC § 6672, and the government

counterclaimed for the balance due, the district court denied the plaintiff's motion for

joinder of another person alleged also to be liable for the corporation's taxes.[16] The

court held that

> liability under section 6672 is joint and several among responsible
> persons, and each responsible person can be held for the total amount .
> . . not paid. . . . The fact that there may be other fiscally-responsible
> persons does not relieve [the plaintiff] of his duty to pay these taxes as
> a responsible person. Accordingly, joinder . . . is not necessary to accord
> the parties complete relief in the instant action.[17]

---

argument that a guarantor was an indispensable party to the suit, given that the guarantors were jointly and severally liable); *Park v. Didden*, 695 F2d 626, 631 (II) (B) (2) (D. C. Cir. 1982) ("[a]n almost unbroken line of federal decisions holds that persons whose liability is joint and several may be sued separately in federal court"); *Temple v. Synthes Corp.*, 498 U. S. 5, 7 (111 SCt 315, 112 LE2d 263) (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."); *Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.*, 312 F3d 82, 87 (b) (2d Cir. 2002) ("one of several joint obligors is not an indispensable party"; and "Rule 19 does not mandate the joinder of joint obligors, because one of several joint obligors is not typically an indispensable party to an action against the others.").

[15] 2012 U. S. Dist. LEXIS 19765 (N. D. Cal. 2012).

[16] *Gray v. United States*, supra at *2, 5 (II, IV).

[17] Id. at *5-6 (IV) (citations and punctuation omitted).

Because Moore was not a necessary party to the refund action, the superior court erred in finding that the Department's failure to add him as a necessary party to that prior action precluded the Department from pursuing Moore for the amount it refunded to Turrentine. Inasmuch as the superior court's final ruling was based on errors of law[18] (namely, that the Department was precluded from collecting the assessments from Moore based on the voluntary payment and joinder of necessary party statutes), the judgment is reversed.

*Judgment reversed. Ellington, P. J., and Dillard, J., concur.*

---

[18] See *Gladowski v. Dept. of Family & Children Svcs.*, 281 Ga. App. 299 (635 SE2d 886) (2006) ("In an appeal from a superior court's review of a final agency decision, our function is to determine whether the superior court has in its own final ruling committed an error of law.") (citation, punctuation and footnote omitted); *Children's Hosp. of Pittsburgh v. Ga. Dept. of Medical Assistance*, 235 Ga. App. 697, 700 (1) (509 SE2d 725) (1998) (reversing the superior court's affirmance of the administrative agency's decision when the superior court committed an error of law); *Miles v. Carr*, 224 Ga. App. 247, 248 (1) (480 SE2d 282) (1997) (reversing superior court's judgment when the court committed a legal error in reversing the ruling of the administrative agency, and reiterating that "in reviewing a superior court's order in a case under the Administrative Procedure Act, our function is to determine whether the superior court has in its own final ruling committed an error of law") (citation and punctuation omitted).