[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11497
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-01532-ODE

JACKIE LYONS,

Plaintiff - Appellant,

versus

MICHAEL O'QUINN,
Administrator of the Estate of Anna St. Laurent,
HUMANA MARKET POINT, INC.,
HUMANA, INC.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 14, 2015)

Before MARCUS, WILLIAM PRYOR, and JORDAN, Circuit Judges.

PER CURIAM:

This appeal arises out of a fatal car accident that occurred in Georgia in 2009. Jackie Lyons, a citizen of Georgia, suffered injuries as a result of the accident, and Anna St. Laurent, the driver of the other car, died as a result of her injuries. Ms. Lyons filed a diversity action in the Northern District of Georgia against Ms. St. Laurent's estate and Ms. St. Laurent's employer. Michael O'Quinn, the administrator of Ms. St. Laurent's estate, moved to dismiss the complaint for lack of subject-matter jurisdiction, arguing that because he, Ms. St. Laurent, and Mr. Lyons were all citizens of Georgia, complete diversity was lacking. Mr. Lyons responded and in part urged the district court to dismiss Mr. O'Quinn—the non-diverse defendant—as a dispensable party in order to preserve diversity jurisdiction. The district court rejected Mr. Lyons' request and dismissed the case, holding that Mr. O'Quinn was an indispensable party whose presence as a defendant destroyed diversity jurisdiction.

We conclude that the district court erred in ruling that Mr. O'Quinn is an indispensable party and reverse as to that issue. We affirm the district court's finding that Mr. Lyons failed to meet his initial burden of establishing complete diversity.

## I

Mr. Lyons filed suit against Mr. O'Quinn, Humana Market Point, Inc., and Humana Inc. (collectively "Humana"), alleging that on October 12, 2009, Ms. St.

Laurent negligently drove her vehicle the wrong way on Interstate 20, causing a collision with the tractor-trailer Mr. Lyons was driving. Mr. Lyons pled damages in excess of $20,000,000.00 for physical and emotional injuries and loss of income. He alleged that diversity jurisdiction existed because at the time of the accident Ms. St. Laurent was a citizen of Russia, and Humana was a citizen of Kentucky.[1] Mr. Lyons' claims against Humana are based on the theory of respondeat superior.

Mr. O'Quinn moved to the dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1), arguing that there was no diversity because Ms. St. Laurent—and consequently her estate, and he as its administrator—were citizens of Georgia. In support of his motion, Mr. O'Quinn filed (1) a certified copy of Ms. St. Laurent's death certificate (indicating that Ms. St. Laurent was a citizen of the United States and a resident of Georgia), (2) a copy of Ms. St. Laurent's I-9 Form (containing the same information), and (3) a certified copy of the petition for letters of administration filed in probate court in Henry County, Georgia (indicating that Mr. St. Laurent was domiciled in Georgia).

In response to Mr. O'Quinn's motion to dismiss, and in the face of evidence to the contrary, Mr. Lyons continued to argue that Ms. St. Laurent was a Russian

---

[1] Mr. Lyons acknowledged that Ms. St. Laurent's estate and Mr. O'Quinn, as administrator of the estates, were citizens of Georgia.

3

citizen at the time of her death, and that, as a result, the district court had "subject-matter jurisdiction over all the defendants."  Mr. Lyons alternatively argued that to the extent there was a jurisdictional defect, it could be "cured by dismissing the non-diverse defendant[,]"—i.e., Mr. O'Quinn, as administrator of the estate—thus allowing Mr. Lyons to proceed against Humana.

Mr. O'Quinn responded that he was an indispensable party and could not be dismissed from the case.  He claimed that if he were dismissed and Mr. Lyons was permitted to proceed against Humana, Ms. St. Laurent's estate would be at risk of inconsistent judgments, and Humana would be at risk of "double obligation."

The district court ultimately agreed with Mr. O'Quinn and dismissed the case for lack of subject-matter jurisdiction.  In so doing, the district court ruled that Mr. Lyons had not carried his burden of showing complete diversity, and that because Mr. O'Quinn was an indispensable party, he could not be dismissed to cure the jurisdictional defect.[2]

## II

We review *de novo* a district court's dismissal for lack of subject-matter jurisdiction.  *See Babicz v. Sch. Bd. of Broward Cnty.*, 135 F.3d 1420, 1421 (11th Cir. 1998).  We review the district court's factual findings with regard to

---

[2] We have considered Mr. Lyons's claim on appeal with respect to the constitutionality of 28 U.S.C. § 1332 and find it wholly lacking in merit.  Mr. Lyons' claim that the district court erred in not transferring his case back to state court is also without merit, as the case was not removed to federal court.

4

jurisdiction for clear error.  *See Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010).  We agree with the district court that Mr. Lyons failed to carry his burden of establishing complete diversity. Accordingly, we affirm the district court's order as to this issue.

"Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant."  *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994).  "[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."  *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

Mr. Lyons presented no evidence supporting his allegation that Ms. St. Laurent was a Russian citizen at the time of the accident.  In fact, when faced with overwhelming evidence to the contrary, this was all Mr. Lyons could muster: "Plaintiff maintains that on the day of the decedent's death in this case she was a citizen of Russia and that the best evidence of her Russian citizenship would be her Russian birth certificate[.]"[3]  D.E. 9 at 4.

---

[3] In response to Mr. O'Quinn's motion to dismiss, counsel for Mr. Lyons stated:

> Plaintiff maintains that a deceased person lacks legal capacity to be a citizen of any state or foreign country upon death, especially over two years after death when the civil action is filed in federal court.  Thus, the representative could not legally be a citizen of the state or foreign county of the decedent to maintain subject matter jurisdiction pursuant to 28 USC [sic] Section 1332.

There is no doubt Ms. St. Laurent was *born* in Russia.  *See* D.E. 2-4 (Ms. St. Laurent's certificate of death, indicating that her place of birth was Russia).  Her place of birth, however, is not determinative on the question of her citizenship for purposes of diversity jurisdiction.  As the district court correctly held, Mr. O'Quinn presented undisputed proof that Ms. St. Laurent was a citizen of the United States and a resident of Georgia on the date of the accident.  And, it is clear that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."  28 U.S.C. § 1332(c)(2).  *See also Palmer*, 22 F.3d at 1562, 1570 n.1. (citing § 1332(c)(2)).

The district court correctly ruled that Mr. Lyons failed to meet his burden of establishing complete diversity and that the parties are not completely diverse.

### III

Having concluded that Mr. O'Quinn's presence as a defendant destroyed complete diversity, we next turn to whether Mr. O'Quinn could be dismissed in order to cure the jurisdictional defect.  In determining that Mr. O'Quinn was an indispensable party, and therefore could not be dismissed from the case to preserve diversity jurisdiction, the district court explained:

---

D.E. 9 at 3-4.  While we appreciate counsel's existential argument, we have held that "[w]here an estate is a party, the citizenship that counts for diversity purposes is that of the decedent, and she is deemed to be a citizen of the state in which she was domiciled at the time of her death." *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1170 (11th Cir. 2007).  There is no question that, on this record, Ms. St. Laurent was a citizen of Georgia, and therefore, so is Mr. O'Quinn for diversity jurisdiction purposes.

6

> If this case were to proceed, the Court would still have to determine issues relevant to St. Laurent—such as whether she was Defendants' employee and whether she was acting within the scope of her employment at the time of the accident. Because an employer and employee can be jointly and severally liable, finding St. Laurent was not acting in the scope of her employment in this case could impair or impede the estate's ability to protects [sic] its interests.

D.E. 20 at 7. To the extent that the district court held that potential joint and several tort liability against Ms. St. Laurent's estate and Humana inextricably led to the conclusion that Mr. O'Quinn was an indispensable party, it was mistaken.

We review for abuse of discretion a district court's decision regarding whether a party is indispensable. *See Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1039 (11th Cir. 2014). *Cf. Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 847 (11th Cir. 1999) ("We review dismissal for failure to join an indispensable party for abuse of discretion."). "'A district court abuses its discretion when, in reaching a decision, it applies an incorrect legal standard[.]'" *United States v. Rigel Ships Agencies, Inc.*, 432 F.3d 1282, 1291 (11th Cir. 2005) (quoting *S.E.C. v. Smyth*, 420 F.3d 1225, 1230 (11th Cir. 2005)).

We recognize that, in determining whether a party is indispensable, a district court may base its findings "on stated pragmatic considerations, especially the effect on parties and on litigation." *In re Torcise*, 116 F.3d 860, 865 (11th Cir. 1997). And it appears that the district court in this case took pragmatic considerations into account when it found that Mr. O'Quinn was an indispensable

7

party.  There is a binding, bright-line rule, however, which militates against taking a pragmatic approach in a case like this one.  And the rule is that where joint tortfeasors may be jointly and severally liable, neither tortfeasor is an indispensable party.  *See Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990) (per curiam).

In *Temple*, the Supreme Court held that tortfeasors who face joint and several liability are not indispensable parties, explaining that "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."  *Id.*  (collecting cases).  "The Advisory Committee Notes to [the 1966 revision of] Rule 19(a) explicitly state that a tortfeasor with the usual joint-and-several liability is merely a permissive party to an action against another with like liability."  *Id.* (internal quotation marks and citations omitted).  We have applied the same bright-line rule.  *See, e.g.*, *McCain v. Clearview Dodge Sales, Inc.*, 574 F.2d 848, 850 (5th Cir. 1978) ("This Court has held that joint creditors are 'jointly and severally' liable to consumers . . . therefore, [neither is] an indispensable party because the plaintiff could be awarded judgment against [either] defendant alone."); *Twentieth Century-Fox Film Corp. v. Teas*, 286 F.2d 373, 380 (5th Cir. 1961) (explaining that "under a joint and several obligation the obligee can sue either or both obligors[,]" and that "[t]he privilege of suing one without joining the other is a substantial benefit to the obligee which we think

8

cannot be frustrated by holding that the other several obligor must be joined as an indispensable party.").[4]  Regrettably, neither party here brought these cases to the district court's attention.

In Georgia, "under the principle of respondeat superior, employers are generally jointly and severally liable along with the tortfeasor employee for the torts of employees committed within the scope of employment."  *Chorey, Taylor & Feil, P.C. v. Clark*, 539 S.E.2d 139, 140 (2000).  This principle, moreover, has been codified by statute in Georgia.  *See* Ga. Code Ann. § 51-2-2 (West 2015) ("Every person shall be liable for torts committed by . . . his servant by his command or in the prosecution and within the scope of his business, whether the same are committed by negligence or voluntarily.").  Under *Temple*, then, Mr. O'Quinn was not an indispensable party.

As noted earlier, the district court held that because joint and several liability applied, Mr. O'Quinn was a necessary and indispensable party to the litigation. We conclude that the district court applied the incorrect legal standard, and thus, abused its discretion when it denied Mr. Lyons's request to dismiss Mr. O'Quinn as a dispensable party.  *See Rigel Ship Agencies, Inc.*, 432 F.3d at 1291.  Binding precedent dictates that Mr. O'Quinn is not an indispensable party even though

---

[4] We note that Georgia courts apply the same rule.  *See, e.g.*, *Georgia Dep't of Revenue v. Moore*, 762 S.E.2d 184, 186 (2014) ("[U]nder Georgia law, a jointly and severally liable person is not a necessary party to a lawsuit involving another such person."); *Hillside Orchard Farms, Inc. v. Murphy*, 473 S.E.2d 181, 185 (1996) ("Even in a case based on the principle of respondeat superior, a master may be sued alone.").

there is joint and several liability and even though Humana's liability is predicated on Ms. St. Laurent's alleged negligence.

## IV

We affirm the district court's ruling that Mr. Lyons failed to establish diversity jurisdiction. But we reverse the district court's ruling that Mr. O'Quinn was an indispensable party, and we remand for further proceedings consistent with this opinion.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**